IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGIONS BANK,

Plaintiff,

v.

JAMES D. TOLLE, *et al.*,

Defendants.                                    Case No. 12-cv-1281-DRH-SCW

MEMORANDUM AND ORDER

HERNDON, Chief Judge:

Pending before the Court is plaintiff Regions Bank's (Regions Bank) motion for leave to file amended complaint (Doc. 39). Defendant United States of America (USA) does not specifically address Regions Bank's request, but instead moves for dismissal pursuant to FEDERAL RULE OF CIVIL PROCEDURE 41(b), for failure to prosecute (Doc. 41). Regions Bank has responded in opposition to the USA's motion to dismiss (Doc. 44). No defendant directly responds to Regions Bank's request for leave to file an amended complaint.

Regions Bank moves for leave to file a second amended complaint out of time. The scheduling order entered by Magistrate Judge Stephen C. Williams sets a date of July 9, 2013, for the completion of discovery, and a date of July 24,

Page 1 of 4

2013, for the filing of all dispositive motions.[1] Thus, Regions Bank's motion of September 23, 2013, is clearly out of time.

Regions Bank requests leave to file a second amended complaint, proceeding with foreclosure only as to the Commercial Property. Thus, Regions Bank seeks dismissal of Jersey State Bank, named in this action due to its mortgages on the Residential Property only, as a defendant herein. The USA responds by seeking dismissal of this action for failure to prosecute. In support, the USA cites the above-noted scheduling order and notes that Regions Bank has failed and/or refused to respond to the discovery the USA served upon it.

FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2) requires that the Court freely grant leave to amend "when justice so requires." However, the Court "need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal Co., Inc. v. QVC, Inc.,* 241 F.3d 854, 861 (7th Cir. 2001).

Rule 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal for failure to prosecute is appropriate "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren,* 332 F.3d 462, 467 (7th Cir. 2003) (internal quotation marks and citation omitted).

---

[1] The Court notes that the parties' agreed scheduling order lists June 15, 2011, as the deadline for moving to amend the pleadings. As this Order was entered on April 12, 2013, the Court must presume this is a mere typographical error and the parties intended to set a deadline of June 15, 2013, for moving to amend the pleadings (Doc. 32-1).

Dismissal for failure to prosecute is clearly not warranted under the circumstances. While it is troubling to the Court that Regions Bank does not even acknowledge its lack of diligence in prosecuting this matter, its failure to adhere to the parties' agreed-to scheduling order, approved by Judge Williams, does not alone warrant the finality of dismissal. Regions Bank states it is finalizing its Rule 26 disclosures, as well as its responses to the discovery of the USA. Regions Bank's unexplained untimeliness demonstrates sloppy lawyering. However, it does not warrant dismissal at this time. Thus, the USA's motion pursuant to Rule 41(b) is denied.

As to Regions Bank's request for leave to file a second amended complaint, it would appear the USA's only objection concerns the untimely nature of Region Bank's request. The Court finds that justice requires that it grant Regions Bank's request. While Regions Bank has waited until the close of discovery to move to amend the complaint, it cannot say the untimeliness demonstrates bad faith. More importantly, the USA has not demonstrated resulting prejudice from Regions Bank's tardiness, nor has it argued prejudice from the dismissal of Jersey State Bank as a defendant.

Thus, for the reasons stated above, the USA's motion to dismiss for failure to prosecute is **DENIED** (Doc. 41). The Court shall resolve this action on the merits. Regions Bank's motion for leave to file a second amended complaint is **GRANTED** (Doc. 39). Regions Bank shall enter its proposed second amended complaint **INSTANTER**. The parties are directed to submit a proposed amended

agreed-to scheduling order to the Magistrate Judge Williams promptly following the filing of the USA's answer to the second amended complaint. Regions Bank is cautioned that it is in its best interests to pursue this matter with diligence henceforth, or this Court shall dismiss for failure to prosecute.

**IT IS SO ORDERED.**

Signed this 29th day of October, 2013.

David R. Herndon
2013.10.29
16:46:52 -05'00'

**Chief Judge**
**United States District Court**